IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. :   07-234 (PLF) |
| | : | |
| v. | : | |
| | : | VIOLATION: 18 U.S.C. § 2113(a) (Bank |
| NATHAN SMITH, | : | Robbery) |
| also known as Nathaniel Ames | : | |
| also known as Mark Rhodes | : | |
| also known as Nathaniel Pembroke | : | |
| also known as Nathaniel Brenson | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION TO COMPEL PRODUCTION OF
HANDWRITING EXEMPLARS AND SALIVA AND HAIR SAMPLES**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court for an Order granting the Government's Motion to Compel the Production of Handwriting Exemplars and Saliva and Hair Samples by the defendant in the above-referenced case. In support of its motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this motion.

The defendant, Nathan Smith, has been indicted on one count of bank robbery, in violation of 18 U.S.C. § 2113(a). The indictment alleges that on August 20, 2007, defendant walked into the PNC Bank located at 1348 4th Street, NE in Washington, D.C. at 1:05 p.m. and handed the teller a note which read, "Put 10,000 dollars in the bag or I will start shooting". The teller complied, placing approximately $7477 in U.S. currency into the paper bag supplied by the defendant. The defendant subsequently fled and was caught a short time later hiding in a nearby shack. $7,002 of the $7,477 was recovered from the shack. Also recovered were several items of clothing which were either

taken from the defendant or which matched the description given of the clothing worn by the defendant during the bank robbery and were recovered on his escape path. In addition, the bank robbery demand note which was left at the bank by the defendant was recovered, as well as the ballpoint pen and the bank clipboard which were believed to have been used to write the note. Latent fingerprints were also recovered from the teller window where the defendant received the money.

The government requests that the Court order the defendant to provide handwriting exemplars to compare with the handwriting on the demand note. The government further requests that the Court order the defendant to provide saliva samples to enable the government to perform a DNA analysis on the clothing which were worn by the defendant and were either recovered from him or were believed to have been discarded by the defendant during his escape following the bank robbery. Finally, the government requests that the defendant provide pulled hair samples to compare to hairs which may be recovered from defendant's clothing, particularly from the shirt which the defendant wore on his head as a turban during the bank robbery and also to be used for DNA mitochondrial analysis.

It is well settled that the Fifth Amendment privilege against self incrimination "does not preclude the use of one's body as evidence." United States v. Nesmith, 121 F. Supp. 758, 760 (D.D.C. 1954). This doctrine extends to compelling a suspect to provide handwriting exemplars, as well as fingerprints. See Gilbert v. California, 388 U.S. 263, 266 (1967) (taking handwriting exemplars does not violate a defendant's Fifth Amendment privilege against self-incrimination); Lewis v. United States, 382 F.2d 817 ( D.C. Cir.), cert. denied, 389 U.S. 962 (1967) (taking handwriting exemplars, without counsel present, does not violate defendant's Fifth Amendment right

against self-incrimination, nor his Sixth Amendment right to counsel).

It is also settled that no Fourth Amendment privacy interest is violated when handwriting, fingerprints or similar physical characteristics are observed, taken or recorded. United States v. O'Mara, 410 U.S. 19, 22 (1973) (handwriting exemplars permitted); United States v. Dionisio, 410 U.S. 1, 8 (1973) (voice exemplars permitted). Similarly, the Supreme Court has ruled that the Self-Incrimination Clause of the Fifth Amendment to the Constitution does not require the human body in all circumstances to be held inviolate against state expeditions seeking evidence of crime. Schmerber v. California, 384 U.S. 757, 768 (1966). The question to be answered in determining whether to allow the extraction of blood, saliva or hair samples from a defendant is whether the production of such sample is warranted under the circumstances, and whether the procedures used for the production of such samples are reasonable. Id.; *accord,* United States v. Crowder, 543 F.2d 312 (D.C. Cir. 1976) (Fourth Amendment rights of defendant in murder prosecution were not violated when trial court, over defendant's objection, ordered surgical removal of bullet from defendant's arm and allowed its admission in evidence.)[1]

Finally, since the taking of such samples is not a "critical stage" in a criminal proceeding, this procedure does not trigger the Sixth Amendment right to have counsel present. See Lewis, supra, 382 F.2d at 819. See also, United States v. Wade, 388 U.S. 218 (1967). In Wade, the Supreme Court held that a post-indictment, in-person lineup was a critical stage of the proceedings requiring the presence of counsel, as "potential substantial prejudice to defendant's rights inheres in the

---

[1] In the instant case, the saliva sample will be taken by an FBI Evidence Technician Agent using a buccal swab or a swab used to gather saliva from the inside of defendant's cheeks. The hair sample will be recovered by the Evidence Technician by pulling samples from defendant's scalp.

particular confrontation and the ability of counsel to help avoid that prejudice." Id. at 227. However, the Wade Court distinguished such lineups from preparatory steps in the gathering of the government's evidence "such as systematized or scientific analyzing of the accused's fingerprints, bloodsample, clothing, hair and the like." Id at 227-228. In such circumstances, "the denial of a right to have counsel present ... does not therefore violate the Sixth Amendment; they are not critical stages since there is a minimal risk that his counsel's absence at such stages might derogate from his right to a fair trial." Id.

WHEREFORE, the government requests that this Court order the defendant to provide Handwriting exemplars and Saliva and Hair Samples on a date mutually agreeable to the parties.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    United States Attorney
    D.C. Bar Number 498610

By:     /S/
    Debra L. Long-Doyle
    D.C. Bar Number 362518
    Assistant U.S. Attorney
    United States Attorney's Office
    Federal Major Crimes Section
    555 4th Street, N.W.
    Washington, D.C. 20530
    (202) 353-1666
    Debra.Long-Doyle@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. :**   **07-234 (PLF)** |
| : | |
| v. : | |
| : | **VIOLATION: 18 U.S.C. § 2113(a) (Bank** |
| **NATHAN SMITH,** : | **Robbery)** |
| also known as Nathaniel Ames : | |
| also known as Mark Rhodes : | |
| also known as Nathaniel Pembroke : | |
| also known as Nathaniel Brenson : | |
| : | |
| **Defendant.** : | |

ORDER

Based upon the government's motion that the defendant produce handwriting exemplars, and for good cause shown, the Court having given consideration to the case law, including the opinion of the Court in Lewis v. United States, 382 F.2d 817 (D.C. Cir.), cert. denied, 389 U.S. 962 (1967) (taking handwriting exemplars, without counsel present, does not violate defendant's Fifth Amendment right against self-incrimination, nor his Sixth Amendment right to counsel), it is this ____ day of September, 2007,

**ORDERED**, that the defendant provide handwriting exemplars to the government on a date mutually agreed upon by the parties.

Based further upon government's motion that the defendant produce a saliva sample and a hair sample, and for good cause shown, the Court having given consideration to the case law, including the opinion of the Supreme Court in Schmerber v. California, 757 U.S. 817 (1966) and this Court in United States v. Crowder, 543 F.2d 312 (D.C. Cir. 1976) and further since the taking of

such samples is not a "critical stage" in a criminal proceeding, this procedure does not trigger the Sixth Amendment right to have counsel present. See Lewis, supra, 382 F.2d at 819 and United States v. Wade, 388 U.S. 218 (1967), it is this ____ day of September, 2007,

**ORDERED**, that the defendant provide hair and saliva samples on a date mutually agreed upon by the parties.

_____
**PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE**