```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA        :
                                :
        v.                      :    Cr. No. 07-234 (PLF)
                                :
NATHAN SMITH                    :
```

### MOTION TO SUPPRESS IDENTIFICATION TESTIMONY
### AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Mr. Nathan Smith, the defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence of all testimony relating to identifications of Mr. Smith made during show-up identification procedures, and any in court identifications derived from the out-of-court procedures.  Mr. Smith respectfully requests a pre-trial evidentiary hearing on this motion.  In support of this motion, counsel submits the following.

### Factual Background

Mr. Smith is charged in a one count indictment with bank robbery, in violation of 18 U.S.C. § 2113(a).  The charge arose out of an incident that occurred on August 20, 2007.  The government alleges that on that date Mr. Smith robbed a PNC Bank in Northeast, Washington, D.C.  According to information provided to undersigned counsel, following Mr. Smith's arrest, show-up identification proceedings were held and two witnesses identified Mr. Smith.

**Argument**

I. **THE IDENTIFICATION TESTIMONY MUST BE SUPPRESSED BECAUSE IT WAS OBTAINED IN VIOLATION OF MR. SMITH'S FOURTH AMENDMENT RIGHTS.**

As set forth in defendant's Motion to Suppress Tangible Evidence and Memorandum of Points and Authorities in Support Thereof, Mr. Smith was stopped and arrested in violation of his Fourth Amendment rights. Mr. Smith respectfully incorporates the arguments made in that motion here. The identification procedures must be suppressed as the unlawful fruit of Mr. Smith's illegal stop and arrest. See United States v. Crews, 445 U.S. 463, 472 (1980).

II. **THE IDENTIFICATION TESTIMONY MUST BE SUPPRESSED BECAUSE IT WAS OBTAINED IN VIOLATION OF MR. SMITH'S FIFTH AMENDMENT RIGHTS.**

The Fifth Amendment prohibits the admission at trial of identification testimony where the circumstances of the identifications are "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968). Accord Manson v. Brathwaite, 432 U.S. 98, 116 (1977); Neil v. Biggers, 409 U.S. 188, 198 (1972). Because the government cannot meet its burden here of showing that the suggestivity of the identification procedures is outweighed by the reliability of the witness' identification testimony, the Fifth Amendment requires the suppression of the testimony.

Finally, regardless of its ruling on suggestivity, this Court should conduct a hearing and make findings regarding the reliability of the witnesses' identifications.

**A.   The Show-up Identification Procedure Was Unduly Suggestive.**

In <u>Stovall v. Denno</u>, 388 U.S. 293, 301 (1967), the Supreme Court recognized that an identification procedure may be so unnecessarily suggestive and conducive to mistaken identification that any testimony at trial concerning the identification would deny the defendant due process of law.  The Supreme Court has emphasized that:

> it is the likelihood of misidentification which violates a defendant's right to due process . . . suggestive confrontations are disapproved because they increase the likelihood of misidentification, and unnecessarily suggestive ones are condemned for the further reason that the increased chance of misidentification is gratuitous.

<u>Neil v. Biggers</u>, 409 U.S. 188, 198 (1972).

The show-up identification procedure used here was unduly suggestive.  Show-up identification procedures are inherently suggestive.  As the United States Court of Appeals for the District of Columbia Circuit has noted:

> Unquestionably, confrontations in which a single suspect is viewed in the custody of the police are highly suggestive.  Whatever the police actually say to the viewer, it must be apparent to him that they have caught the villain.  Doubtless a man seen in handcuffs or through the grill of a police wagon looks more like a crook than the same man standing at ease and at liberty.

Russell v. United States, 133 U.S. App. D.C. 77, 81, 408 F.2d 1280, 1284 (1969) (footnote omitted), cert. denied, 395 U.S. 928 (1969).

### B. The Identification Testimony Is Unreliable and Therefore Does Not Outweigh the Undue Suggestiveness of the Identification Procedure.

Because "reliability is the linchpin in determining the admissibility of identification testimony," this Court must weigh the "corrupting effect of the suggestive identification" here against the countervailing indicia of reliability. Manson, 432 U.S. at 114. In determining whether identification testimony is unreliable, "the factors to be considered . . . include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated tat the confrontation, and the time between the crime and the confrontation." Id.

The reliability factors can be properly presented only at an evidentiary hearing on this matter. Mr. Smith respectfully submits that upon full consideration of all of the factors, the weighing required by Manson will mandate the conclusion that testimony concerning the highly suggestive out-of-court identification procedures, as well as any in-court identifications, should not be admitted at trial.

### C. The Court Should Conduct a Pretrial Hearing on the Issues of Suggestivity and Reliability.

The D.C. Circuit has held:

> When the prosecution intends to offer . . . an in-court identification, the defense may challenge its admissibility. The Court should then, on facts elicited outside the presence of the jury, rule upon whether a pre-trial identification by the same eyewitness is violative of due process or the right to counsel.

Clemons v. United States, 133 U.S. App. D.C. 27, 34, 408 F.2d 1230, 1237 (1968), cert. denied, 394 U.S. 964, 1237 (1969). Although the Supreme Court has held that an identification suppression hearing is not constitutionally required in all cases, Watkins v. Sowders, 449 U.S. 341 (1981), the court's decision in Clemons survives the Supreme Court's decision in Watkins. In Watkins, the Supreme Court cautioned that "[t]he prudence of such a hearing has been emphasized by many decisions in the Courts of Appeals, most of which have in various ways admonished trial courts to use that procedure." 449 U.S. at 345. In support of that statement, the Supreme Court cited with approval the decision in Clemons. Id. at 345 n.2. Thus, the Supreme Court has recognized that in Clemons the D.C. Circuit mandated a suppression hearing under its supervisory powers over the local trial courts.

## CONCLUSION

Because the out-of-court identifications and any in-court identifications derived therefrom were obtained in violation of Mr. Smith's Fourth and Fifth Amendment rights, the identification testimony must be suppressed.

                                Respectfully submitted,

                                A.J. KRAMER
                                FEDERAL PUBLIC DEFENDER

                                    /s/
                                _____
                                MARY MANNING PETRAS
                                Assistant Federal Public Defender
                                625 Indiana Avenue, N.W.
                                Suite 550
                                Washington, D.C.  20004

                                (202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**  :
                              :
     **v.**                   :   Cr. No. 07-234 (PLF)
                              :
**NATHAN SMITH**              :

<u>**ORDER**</u>

Upon consideration of defendant's Motion to Suppress Identification Testimony and Memorandum of Points and authorities in Support Thereof, it is this __ day of _____, hereby

ORDERED that the motion is GRANTED.

_____
THE HONORABLE PAUL L. FRIEDMAN