```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA**        :

                                                            :

        v.                                       Cr. No. 07-234 (PLF)

                                                           :

**NATHAN SMITH**                    :

### MOTION TO SUPPRESS TANGIBLE EVIDENCE
### AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Mr. Nathan Smith, the defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence at trial of all tangible objects seized from him on August 20, 2007.  Mr. Smith requests an evidentiary hearing on this motion.  In support of this motion, counsel submits the following points and authorities.

### Factual Background

Mr. Smith is charged in a one count indictment with bank robbery, in violation of 18 U.S.C. § 2113(a).  The charge arose out of an incident that occurred on August 20, 2007.  On that date, officers of the Metropolitan Police Department stopped, arrested and searched Mr. Smith.  According to the information provided to undersigned counsel pursuant to Federal Rule of Criminal Procedure 16, the officers recovered a white tee shirt.

**Argument**

Probable cause is an essential prerequisite to an arrest. Dunaway v. New York, 442 U.S. 200, 213 (1979). The police officers did not have probable cause to arrest Mr. Smith. The warrantless arrest of Mr. Smith was therefore unlawful. The evidence seized must be suppressed as the fruit of the unlawful arrest of Mr. Smith. Wong Sun v. United States, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

The evidence also must be suppressed as a fruit of the unlawful warrantless search of Mr. Smith. The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967) (footnote omitted). Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment. Coolidge v. New Hampshire, 403 U.S. 443, 455 (1971); Katz v. United States, 389 U.S. 347, 357 (1967). Absent a showing of an exception to the warrant requirement, the evidence seized from Mr. Smith must be suppressed.

## **CONCLUSION**

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Smith respectfully requests that this motion be granted and that the Court suppress the use as evidence of all items allegedly seized from him.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA** :
:
    **v.**            Cr. No. 07-234 (PLF)
:
**NATHAN SMITH** :

## ORDER

Upon consideration of defendant's Motion to Suppress Tangible Evidence and Memorandum of Points and authorities in Support Thereof, it is this __ day of _____, hereby

ORDERED that the motion is GRANTED.

_____
THE HONORABLE PAUL L. FRIEDMAN