IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. :   07-234 (PLF) |
| | : | |
| v. | : | |
| | : | VIOLATION: 18 U.S.C. § 2113(a) (Bank |
| NATHAN SMITH, | : | Robbery) |
| also known as Nathaniel Ames | : | |
| also known as Mark Rhodes | : | |
| also known as Nathaniel Pembroke | : | |
| also known as Nathaniel Brenson | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT
TO FEDERAL RULE OF EVIDENCE  609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with prior convictions pursuant to Fed. R. Evid. 609.  In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

**I. Background.**

1. Defendant is charged with bank robbery in violation of 18 U.S.C. § 2113(a).  Defendant has been previously convicted of the following offenses:

   a. the felony offense of Receiving Stolen Property of a Value Greater than Five Hundred Dollars in case number 91K00137DI, in the Superior Court of the State of Delaware in and for Kent County on October 21, 1991, for which he was sentenced to one year of incarceration,

served 45 days, and was repeatedly found guilty of violating probation, including most recently on April 3, 2001;

      b.    the felony offense of Burglary in the Third Degree in case number 92K04596DI, in the Superior Court of the State of Delaware in and for Kent County on October 21, 1992, for which he was sentenced to two years of incarceration, served three months, and was repeatedly found guilty of violating probation, including most recently on April 3, 2001;

      c.    the felony offense of Receiving Stolen Property of a Value Greater than Five Hundred Dollars in case number 94K0401352, in the Superior Court of the State of Delaware in and for Kent County on June 29, 1994, for which he was sentenced to one year of incarceration, this sentence being suspended, and was found guilty of violating probation, most recently on April 3, 2001;

      d.    the felony offense of Theft of Property Valued in Excess of Three Hundred Dollars in case number 16526 in the Circuit Court of Worcestor County, Maryland on January 23, 1995, for which he was sentenced to eight years of incarceration and was released from custody after violating parole on January 13, 2005.

Should defendant choose to testify, we seek to use these convictions, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

In addition, defendant was convicted of Attempted Bodily Injury in the Superior Court of Atlantic County, New Jersey and Simple Assault in the Municipal Court of Atlantic City, New Jersey on August 6, 2007. Pending receipt of information from the state of New Jersey regarding these convictions, should the defendant choose to testify, we may seek to impeach him with these convictions.

**II. Fed. R. Evid. 609(a)(1).**

2. "[E]vidence that an accused has been convicted" of a crime punishable by more than one year's imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). Among other offenses, defendant has been convicted once of theft of property valued at greater than three hundred dollars, for which he was sentenced to incarceration in excess of one year. He was released from custody on this offense within the last ten years. In addition, defendant was convicted of violating probation within the last ten years for felony convictions of burglary and receiving stolen property of value in excess of five hundred dollars. This Court should permit the use of these convictions to impeach defendant because their probative value outweighs any prejudicial effect. See United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

3. In Lipscomb, the Court of Appeals held that "all felony convictions are probative of credibility to some degree." Id. at 1062. The Court further held that the admission of defendant's prior robbery conviction in Lipscomb was proper, in part because it "involve[s] theft and is a serious crime that shows conscious disregard for the rights of others." Id. at 1071. Crimes such as theft, the Court further found, reflect "more on credibility than, say, crimes of impulse." Id. Here, defendant was convicted of burglary and received a sentence of eight years. Similar to the prior conviction in Lipscomb, defendant's conviction involved theft and demonstrated a conscious disregard for his fellow citizens' rights. Moreover, defendant has another prior conviction for burglary and two other prior convictions involving stolen property. These convictions reflect directly on the credibility of any testimony by defendant. The probative value of the convictions, therefore, is quite high.

4. With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?". Id. at 1062  Here, any prejudicial effect of defendant's prior convictions is outweighed by their probative value.  The Court in <u>Lipscomb</u> noted that a prior robbery conviction's prejudicial effect in a case involving possession of heroin with intent to distribute was "not especially great because the previous crime was not similar to the present one." Id. at 1071.  In the instant case, the crimes of bank robbery and burglary are admittedly more similar than those in <u>Lipscomb</u>, but any increase in prejudice is minimal.  While both involve theft in its broadest sense, bank robbery is a crime involving force and, in this case, threatened violence.  A jury would be able to distinguish between these two crimes and not allow the earlier conviction to substantially prejudice defendant.  Thus, any prejudice from the earlier burglary conviction would be minimal in adjudging the present crime of force and violence.

5.  Moreover, the crime of receiving stolen property is sufficiently dissimilar from bank robbery to negate any substantial prejudice from the use of these prior convictions.  The prejudicial effect of defendant's prior convictions, moreover, is outweighed by the probative value for the jury in determining the defendant's credibility.  In <u>United States v. Lewis</u>, the court noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." 626 F.2d 940, 950 (D.C. Cir. 1980).  Here, it would be unfair and misleading to deny the jury relevant evidence that would be directly probative on defendant's credibility, namely his prior convictions.

**III.  Fed. R. Evid. 609(b).**

6.  Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, defendant was released from custody on January 13, 2005 for his 1995 conviction. Moreover, he was convicted of violating probation on his further burglary and receiving stolen property convictions on April 3, 2001. Thus, defendant's prior convictions may properly be used for impeachment if defendant were to testify.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior convictions for impeachment purposes.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498610

By:        /S/
Debra L. Long-Doyle
D.C. Bar Number 362518
Louis Ramos
D.C. Bar Number 472175
Assistant U.S. Attorneys
United States Attorney's Office
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-1666
Debra.Long-Doyle@usdoj.gov
Lous.Ramos@usdoj.gov