IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. :   07-234 (PLF) |
| : | |
| v. : | |
| : | VIOLATION: 18 U.S.C. § 2113(a) (Bank |
| NATHAN SMITH, : | Robbery) |
| also known as Nathaniel Ames : | |
| also known as Mark Rhodes : | |
| also known as Nathaniel Pembroke : | |
| also known as Nathaniel Brenson : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTIONS TO
SUPPRESS TANGIBLE EVIDENCE AND IDENTIFICATION TESTIMONY**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant's Motion to Suppress Tangible Evidence and Motion to Suppress Identification Testimony.  As grounds for this opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on the motion.

**I. Factual Background**

Defendant is charged in a one-count indictment with an August 20, 2007 bank robbery, in violation of 18 U.S.C. § 2113(a).  On the date of the robbery, employees of a PNC Bank branch located at 1248 4th Street N.E. notified the Metropolitan Police Department ("MPD") that the branch had been robbed.  The police dispatcher provided a description of the suspect as a dark-skinned and thin black male wearing a white hat and traveling in the direction of New York Avenue after fleeing

1

from the bank. Not long thereafter, MPD officers observed the defendant not far from the bank, in the general area where he was seen running and matching the description given by the bank employees. The officers attempted to stop the defendant, but he fled down an embankment beside the nearby Amtrak railroad tracks. The defendant was seen running into a small concrete building near the railroad tracks. Inside, was found the defendant and a bag containing $7,002 in cash.

Thereafter, approximately 50 minutes after the robbery, the police officers went to the bank with the defendant to conduct a showup identification procedure. Two witnesses, both tellers at the bank, provided descriptions of the suspect. The victim teller described the suspect as a dark-skinned black male, approximately six feet tall, with scruffy facial hair in the beard area and no hair around the mustache area. He further described the suspect as being in the mid-20s to early 30s in age, skinny, having small distinctive eyes, and wearing a dark colored jacket and a white head covering. A second teller separately described the suspect as a dark-skinned black male, 5'11" in height, weighing 140 to 150 lbs, and wearing a dark top and a white turban around his head. Upon viewing the defendant during the showup, each witness separately identified him as the person who robbed the bank. Thereafter the defendant was placed under arrest. In a search incident to his arrest, a white tee shirt worn by the defendant was seized from him.

A third teller was not initially aware that the bank had been robbed until after the robber had left the building. She subsequently had an opportunity to view a still photograph of the bank robber and identified him as someone who had been standing in line waiting for a teller prior to the robbery. She did not have an opportunity to participate in the showup procedure.

**II. Argument**

> A. THE PHYSICAL EVIDENCE WAS LAWFULLY SEIZED FROM THE DEFENDANT BECAUSE OFFICERS HAD PROBABLE CAUSE TO ARREST HIM

The defendant argues that the police officers had no probable cause to arrest him and that any physical evidence seized incident to this arrest must be suppressed as the fruit of an unlawful warrantless search (Mot. Evid. 2)[1]. These arguments are without merit. In order to make an arrest, a police officer must have "probable cause to believe that a crime was being committed." United States v. Mapp, 476 F.3d 1012, 1016 (D.C. Cir. 2007) citing United States v. Wesley, 293 F.3d 541, 545 (D.C. Cir. 2002). While the Fourth Amendment generally requires a warrant for a search to be valid, an exception exists for searches "incident to a lawful arrest." United States v. Robinson, 414 U.S. 218, 224 (1973). To meet this exception, the arrest must be lawful and not exceed the scope permitted by this exception. United States v. Wesley, 293 F.3d at 545.

In this case, the officers had probable cause to arrest the defendant. The officers had received a "lookout" description of the suspect in the bank robbery. They then observed the defendant in the vicinity of the robbery and that the defendant matched the lookout. The fact that a person matches the description of a criminal suspect provides an officer probable cause to arrest that person. United States v. Purry, 545 F.2d 217, 220 (D.C. Cir. 1976) (lookout description broadcast in a bank robbery case "conclusively established probable cause" for arrest of defendant and subsequent identification procedures). Accordingly, here the officers had probable cause to stop and arrest the defendant, making the arrest a lawful one. Moreover, officers are permitted under the Fourth Amendment "to search the arrestee and the area within his immediate control." United States v. Holmes, 385 F.3d

---

[1] "Mot. Evid." refers to the defendant's Motion to Suppress Tangible Evidence and "Mot. Ident." refers to defendant's Motion to Suppress Identification Testimony.

786, 791 (D.C. Cir. 2004) citing Chimel v. California, 395 U.S. 752, 763 (1969). After stopping the defendant and following the showup identification procedures discussed below, the officers searched the defendant's person and the immediate area under his control, later seizing his white tee shirt as evidence. The scope of this search was therefore within the exception to the Fourth Amendment for search incident to a lawful arrest. Thus, the seizure of the tee shirt from the defendant was constitutionally permissible.

### B. THE IDENTIFICATION TESTIMONY IS ADMISSIBLE BECAUSE THE IDENTIFICATION PROCEDURES WERE NOT UNDULY SUGGESTIVE AND THE TESTIMONY IS SUFFICIENTLY RELIABLE

The defendant argues that testimony regarding his identification as the bank robber should be suppressed because it was obtained in violation of his Fourth and Fifth Amendment rights. (Mot. Ident. 2). The defendant first recapitulates his arguments that his arrest was unlawful, which must fail because his arrest was lawful and based on probable cause, as discussed above. Next, the defendant argues that the identification procedure used was unduly suggestive and that any testimony identifying him as a the bank robber is insufficiently reliable. Both of these arguments are without merit.

To determine whether identification testimony is admissible, a court must first determine whether the procedure "was impermissibly suggestive." United States v. Washington, 12 F.3d 1128, 1134 (D.C. Cir. 1994) citing Neil v. Biggers, 409 U.S. 188, 197 (1972). Even a procedure that is overly suggestive, however, is admissible if, "under the totality of the circumstances, the identification was sufficiently reliable to preclude 'a very substantial likelihood of irreparable misidentification.'" United States v. Rattler, 475 F.3d 408, 411 (D.C. Cir. 2007) quoting Manson v. Braithwaite, 432 U.S. 98, 116 (1977).

In the instant case, the identification procedures were not unduly suggestive. The defendant was identified separately by two witnesses in a showup procedure approximately fifty minutes after the bank robbery took place. A showup procedure is one in which the suspect is presented by himself to the witnesses to determine whether the witnesses can identify him. The defendant makes no argument as to why the showup identification procedure here was unduly suggestive, instead arguing only that such procedures are inherently suggestive. While the government agrees that showup procedures are in some measure suggestive, the Supreme Court has found that simply "admission of evidence of a showup without more does not violate due process." Manson v. Braithwaite, 432 U.S. 98, 106 (1977) (internal citation omitted). Moreover, "showup identifications, while recognized as inherently suggestive, have long been upheld" by the D.C. Circuit. United States v. Singleton, 702 F.2d 1159, 1166 (D.C. Cir. 1983).

There is no evidence, and the defendant has made no argument, that the use of the showup here was in some way tainted to make this somewhat suggestive procedure in fact unduly suggestive. Indeed, the showup was conducted less than an hour after the robbery, each witness provided a pre-apprehension description matching the defendant, and each witness viewed the defendant separately. See United States v. Bagley, 772 F.2d 482, 492 (9th Cir. 1985) (bank teller's identification of defendant more than ninety minutes after robbery and while defendant was in back seat of police car not unduly suggestive); United States v. Watson, 76 F.3d 4, 6 (1st Cir. 1996) (identification took place quickly and witness's pre-apprehension description matched defendant). In addition, there is no evidence that the police improperly influenced the witnesses. See Livingston v. Johnson, 107

F.3d 297, 309 (5th Cir. 1997) (showup procedure the day of the crime and where police officers did not encourage identification not unduly suggestive).[2]

The separate identifications of the defendant in this case by three different witnesses are sufficiently reliable to negate the likelihood of irreparable misidentification. Courts must look to the totality of the circumstances in determining admissibility, and within this calculation "reliability is the linchpin." Manson v. Braithwaite, 432 U.S. at 116. Factors influencing reliability include:

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself. Id.

Here, the identifications by two witnesses at the showup procedure are very reliable and closely parallel the D.C. Circuit's findings in United States v. Rattler, 475 F.3d 408, 414 (2007). There, bank tellers' testimony was found sufficiently reliable, *inter alia*, because the victim tellers focused their attention on the bank robber in good lighting and from a few feet away; other tellers observed the robber both during the robbery and while he waited in line; and each teller provided detailed descriptions of the robber within the hour and before the showup. Id.

Likewise, here both witnesses were tellers who had the opportunity to observe the robbery suspect before, during, and after the robbery from only a few feet away and in good lighting. Similarly, each teller paid close attention to the suspect and each separately provided detailed and

---

[2] The defendant does not argue, and there is no evidence to support a conclusion, that the inadvertent viewing of a single photograph of the defendant by the third teller was an unduly suggestive identification procedure. Nonetheless, while the government acknowledges that a surveillance photo is an "arguably suggestive medium." United States v. Lawson, 410 F.3d 735, 740 (D.C. Cir. 2005), here it clearly was not unduly suggestive and furthermore, the government played no role in that identification procedure.

accurate pre-apprehension descriptions of the suspect. Moreover, both identified the defendant as the bank robber within one hour of the robbery and will testify to their certainty of the identification. In addition, although the defendant does not challenge the reliability of the third teller's identification, she recognized the robber as having been in the bank before the robbery, described him in detail, and did so within two hours of the robbery. Thus, under the totality of the circumstances, the witnesses' statements are strongly reliable, which should override any concerns about the identification procedure. See United States v. Rattler, 475 F.3d at 414 (finding testimony of sufficient reliability not to review case for impermissibly suggestiveness).

    Accordingly, there being no factual or legal basis on which to conclude that the defendant's arrest lacked probable cause or that the witnesses' identifications of the defendant were unduly suggestive or are otherwise unreliable, the defendant's motion should be denied.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    United States Attorney
    D.C. Bar Number 498610

By:     /S/
    Debra L. Long-Doyle
    D.C. Bar Number 362518
    Louis Ramos
    D.C. Bar Number 472176
    Assistant U.S. Attorneys
    United States Attorney's Office
    Federal Major Crimes Section
    555 4th Street, N.W.
    Washington, D.C. 20530
    (202) 353-1666
    Debra.Long-Doyle@usdoj.gov
    Louis.Ramos@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. :   07-234 (PLF) |
| | : | |
| v. | : | |
| | : | VIOLATION: 18 U.S.C. § 2113(a) (Bank |
| **NATHAN SMITH,** | : | Robbery) |
| also known as Nathaniel Ames | : | |
| also known as Mark Rhodes | : | |
| also known as Nathaniel Pembroke | : | |
| also known as Nathaniel Brenson | : | |
| | : | |
| **Defendant.** | : | |

ORDER

Based upon the defendant's Motions to Suppress Tangible Evidence and Identification Testimony, and the government's response thereto, the Court having given consideration to the case law and arguments of counsel, it is this ____ day of November, 2007,

**ORDERED**, that the defendant's motions shall be denied.

---

**PAUL L. FRIEDMAN**
**UNITED STATES DISTRICT COURT JUDGE**