IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. : 07-234 (PLF) |
| | : | |
| v. | : | |
| | : | |
| NATHAN SMITH, | : | |
| also known as Nathaniel Ames, | : | |
| also known as Mark Rhodes | : | |
| also known as Nathaniel Pembroke | : | |
| also known as Nathaniel Brenson | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

GOVERNMENT'S MOTION TO COMPEL PRODUCTION
OF MAJOR CASE PRINTS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court for an Order granting the government's motion to compel the production of major case prints, including palm prints and fingertip prints, by the defendant in the above-referenced case. In support of its motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this motion.

The defendant, Nathan Smith, has been indicted on one count of bank robbery, in violation of 18 U.S.C. § 2113(a). The indictment alleges that on August 20, 2007, at approximately 1:05 p.m., defendant walked into the PNC Bank located at 1348 4th Street, NE, Washington, DC and handed the teller a note which read "Put $10,000 in the bag or I will start shooting". The teller complied, placing approximately $7,477 in U.S. currency in a brown paper bag supplied by the defendant. The defendant subsequently fled and was caught a short time later hiding in a nearby shack. $7,002 of the $7,477 was recovered from the shack. The bank robbery demand note was recovered, as well

as the ball point pen and the bank clipboard which were believed to have been used to write the note. Latent fingerprints were recovered from the bank teller window from where the defendant received the money.

The FBI fingerprint examiner has indicated that in order to complete the fingerprint examinations the government needs to obtain the defendant's major case prints, including palm prints and fingertip prints. Accordingly, the government requests that the Court grant its motion compelling the taking of major case prints.

It is well settled that the Fifth Amendment privilege against self incrimination "does not preclude the use of one's body as evidence." United States v. Nesmith, 121 F. Supp. 758, 760 (D.D.C. 1954). Thus, taking a defendant's fingerprints and using them as evidence for the purpose of identification is appropriate. Id. at 762 (citing United States v. Kelly, 55 F.2d 67 (2d Cir. 1932)). In other words, requiring a defendant to be fingerprinted, measured, viewed or to reveal other physical characteristics -- such as his hair type -- is not testimonial self incrimination. United States v. Holt, 218 U.S. 245, 252 (1910) (defendant required to put on blouse); see United States v. Wade, 388 U.S. 218 (1967) (uttering specific words during line-up); Gilbert v. California, 338 U.S. 263 (1967) (handwriting exemplars); United States v. Schmerber, 384 U.S. 757, 764(1966) (blood test).

It is also settled that no Fourth Amendment privacy interest is violated when fingerprints or similar physical characteristics are observed, taken or recorded. United States v. O'Mara, 410 U.S. 19, 22 (1973) (handwriting exemplars permitted); United States v. Dionisio, 410 U.S. 1, 8 (1973) (voice exemplars permitted). Furthermore, since the taking of fingerprints is not a "critical stage" in a criminal proceeding, this procedure does not trigger the Sixth Amendment right to have counsel present. See Lewis, supra, 382 F.2d at 819.

WHEREFORE, the government requests that this Court order the defendant to submit to the taking of major case fingerprints.

                        Respectfully submitted,

                        JEFFREY A. TAYLOR
                        United States Attorney
                        Bar No.  #

By:        /s/
                        DEBRA LONG DOYLE
                        D.C. Bar No. 362-518
                        Assistant Untied States Attorney
                        555 4th Street, N.W., Rm. 4828
                        Washington, D.C.  20530
                        (202) 305-0634
                        debra.long-doyle@usdoj.gov

                        LOUIS RAMOS
                        D.C. Bar No. 472-176
                        Assistant United States Attorney
                        555 4th Street, N.W., Rm. 4243
                        Washington, D.C.  20530
                        (202) 305-2195
                        louis.ramos@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. : 07-234 (PLF)** |
| : | |
| **v.** : | |
| : | |
| **NATHAN SMITH,** : | |
| also known as Nathaniel Ames, : | |
| also known as Mark Rhodes : | |
| also known as Nathaniel Pembroke : | |
| also known as Nathaniel Brenson : | |
| : | |
| **Defendant.** : | |
| : | |
| : | |

<u>ORDER</u>

Upon motion of the United States of America in the above-captioned case for an Order of Court requiring the defendant, Nathan Smith, to submit to the taking of major case fingerprints, and the Court having found probable cause to believe that the fingerprints will produce evidence of the defendant's involvement in the crimes charged, it is by the Court this _____ day of November, 2007;

ORDERED, that defendant Nathan Smith submit to the taking of major case fingerprints, and that the fingerprints be turned over to an agent with the Federal Bureau of Investigation; and it is further

ORDERED, that the parties work out a mutually agreeable date upon which the defendant may be taken to the U.S. Marshal's cellblock of the U.S. District Courthouse, so that the major case fingerprints may be taken.

_____
Paul L. Friedman
United States District Judge