**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


**UNITED STATES OF AMERICA** :
                              :
        v.                    :    Cr. No. 07-234 (PLF)
                              :
**NATHAN SMITH**              :
_____

**OPPOSITION TO GOVERNMENT'S NOTICE OF INTENTION AND
MOTION TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS
PURSUANT TO FEDERAL RULE OF EVIDENCE 690**

  Mr. Nathan Smith, the defendant, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Evidence 609, to exclude the use of prior convictions to impeach Mr. Smith should he chose to testify at trial.

**Factual Background**

  Mr. Smith is charged in a one count indictment with bank robbery.  On November 5, 2007, the government filed a notice indicating an intent to seek to admit several prior offenses for impeachment purposes under Federal Rule of Evidence 609, if Mr. Smith testifies at trial.  Specifically, the government seeks to admit: (1) a 1991 Delaware conviction for receiving stolen property of a value greater than $500; (2) a 1992 Delaware conviction for burglary in the third degree; (3) a 1994 Delaware conviction for receiving stolen property of a value greater than

$500.00; (4) a 1995 Maryland conviction for theft of property valued in excess of $300; and (5) 2007 attempted bodily injury and simple assault offenses in New Jersey.

### **Argument**

Federal Rule of Evidence 609 provides:

> (a) General rule.  For the purpose of attacking the credibility of a witness,
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
> (b) Time limit.  Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determine, in the interests of justice that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.  However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

The government has provided no certified records of any of the convictions at issue here and, therefore, has not established that the convictions occurred or the timing of the convictions. For that reason alone, the government should not be permitted to use any of the convictions for impeachment purposes.

Mr. Smith has not been sentenced for the proffered 2007 offenses. For that reason, those offenses are not convictions for purposes of Rule 609 and cannot be used for impeachment purposes. See United States v. Semensohn, 421 F.2d 1206 (2d Cir. 1970) (in case decided before Rule 609 enacted, plea of guilty to misdemeanor for which defendant not yet sentenced, lacked finality and certainty and could not have been use for impeachment).

According to the government's proffer, the 1991, 1992 and 1994 convictions are outside the time limit of Rule 609. A period of more than ten years has elapsed since the date of these convictions. The government alleges that Mr. Smith was found guilty of violating probation for these offenses but does not allege that he was released from confinement for these offenses in the last ten years. Thus, these convictions are not admissible for impeachment purposes unless the government demonstrates "in the interests of justice that the probative value of the conviction[s] supported by specific facts and

circumstances substantially outweigh[] [their] prejudicial effect."  Rule 609(b).

The government makes no effort to meet this burden and provides no details regarding the "specific facts and circumstances" of the proffered convictions.  Instead, the government suggests that a probation violation (without any evidence of incarceration) brings these convictions within the applicable time period.  The government cites no support for this proposition, and the plain language of the rule prevents such a finding.  Rule 609 provides that convictions are not admissible unless not more than ten years have elapsed since the conviction was imposed or the defendant was release from the confinement imposed for that conviction.  Because these convictions are not within the applicable time period and the government has not met its burden of demonstrating that the probative value substantially outweighs the prejudicial effect, the 1991, 1992, and 1994 convictions must be excluded.

Finally, the government proffers that Mr. Smith was convicted in Maryland in 1995 for theft of property valued in excess of $300 and was released from incarceration on the sentence imposed for that offense in 2005.  Although the rule permits the use of prior felony convictions within the applicable time period, such convictions may be used to impeach a defendant only if the probative value of the conviction outweighs the

prejudicial effect to the accused.  Notably, Rule 609, unlike Federal Rule of Evidence 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, requires the opposite -- that the probative value of the conviction outweigh the prejudicial effect.

In this case, the government has done nothing to meet its burden of demonstrating that there are specific circumstances demonstrating that the probative value of the proffered offense outweighs the inevitable prejudicial impact.  See United States v. Lipscomb, 702 F.2d 1049, 1063 ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not if, but how much.").  The government provides no proffer as to the circumstances of the 1995 conviction nor any specific argument as to why the nature of the conviction alone demonstrates the probative value.  In its argument, the government seems to confuse the 1995 conviction for theft over $300 for the 1992 conviction for burglary, describing it as a "burglary" conviction and alleging that Mr. Smith has two burglary convictions, when the government's proffer lists only one burglary conviction.  The government argues that the nature of the conviction reflects on credibility and, therefore, the probative value is "quite high," arguing that the conviction demonstrates "a conscious disregard for his fellow citizens'

5

rights." Government Motion at 3 (citing Libscomb, 702 F.2d at 1071). That argument suggests that Mr. Smith is someone who does not respect the property rights of others and therefore committed the bank robbery – he stole before, he would steal again. That is exactly the propensity argument that is prohibited under Federal Rule of Evidence 404(b) and is the inference that will have an irreparable prejudicial effect if the conviction is admitted here.

Moreover, in Libscomb, the court noted: "The age of the conviction (eight years ago) and Lipscomb's age when it was committed (16) reduce the probativeness of the conviction. On the other hand, credibility was central to the trial, and prejudice was not especially great because the previous crime was not similar to the present one." Id. at 1071. Libscomb was charged with possession with intent to distribute heroin and a robbery conviction was used for impeachment. Here, as in Libscomb, the age of the conviction and the age of Mr. Smith at the time of the conviction reduce the probativeness of the conviction – it occurred more than twelve years ago, and Mr. Smith was only 23 years old at the time. And, unlike in Libscomb, the prejudice would be especially great because the prior conviction is similar in nature to the charged offense – both involve the theft of property. Thus, on balance, Mr. Smith conviction should be excluded because the probative value of the

6

1995 conviction does not outweigh the prejudicial effect of evidence that Mr. Smith committed a theft in the past.

Informing the jury of any of the proffered prior convictions would significantly prejudice Mr. Smith because there is a significant risk that the jury may infer from the fact of prior convictions for theft related offenses that Mr. Smith committed the theft from the bank at issue in this case.  The government argues that the jury could distinguish between the prior convictions for theft and receiving stolen property and the bank robbery charge because the bank robbery involved a threat of violence.  That distinction will not deter jurors from inferring that because he committed prior theft related offenses he committed this offense.  Any probative value of disclosing the convictions does not outweigh (and certainly does not substantially outweigh) the prejudice from that inference.

## **Conclusion**

For the foregoing reasons, Mr. Smith respectfully moves this Honorable Court to prohibit the use of the prior convictions proffered by the government.

Respectfully submitted,

/s/

_____
MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500