**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 07-234 (PLF** |
| | : | |
| **v.** | : | **VIOLATION:18 U.S.C. § 2113(A) (Bank** |
| | : | **Robbery)** |
| **NATHAN SMITH,** | : | |
| **also known as Nathaniel Ames** | : | |
| **also known as Mark Rhodes** | : | |
| **also known as Nathaniel Pembroke** | : | |
| **also known as Nathaniel Brenson** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S UNOPPOSED MOTION FOR LEAVE TO LATE
FILE THE GOVERNMENT'S NOTICE OF FILING JOINT PRETRIAL
STATEMENT AND ITS PRETRIAL STATEMENT, TIME HAVE
EXPIRED AND FOR ADDITIONAL TIME TO FILE ITS AMENDED MOTION
PURSUANT TO FEDERAL RULE OF EVIDENCE 609, TIME HAVING EXPIRED.**

The United States, by and through its attorney, the United States Attorney for the District of

Columbia, hereby files this motion for leave of Court to Late File the Government's Notice of Filing

its' Joint Pretrial Statement and its Pretrial Statement, Time Having Expired and for Additional time

to File its Amended Motion Pursuant to Federal Rule of Evidence 609, Time Having Expired, for

the following reasons.

Pursuant to the Order of the Court, the government and defense counsel filed a joint

supplemental motions scheduled and schedule for the Joint Pretrial Statement. The government was

suppose to have her motions filed by December 7, 2007. However, the government was unable to

timely file its motions because of an urgent family emergency to which she had to attend and which

kept her out of work unexpectedly for several days. In addition, the government has been having

difficulty getting all of the certified copies of defendant's criminal record because of the numerous

aliases the defendant has used and because of the multiple jurisdictions where the defendant has committed crimes. Government counsel was going to work with the probation officer whom the Court ordered to prepare a criminal history for the defendant. However, for the foregoing reasons government counsel has been able to complete these assignments.

Government counsel is requesting leave to late file the attached Joint Pretrial Statement. The government is also requesting leave to late file its Supplemental Motion Pursuant to FRE 609 until December 20, 2007.

Defense counsel does not oppose this request. Moreover, because trial in this matter is not scheduled until January 14, 2008, the defendant should suffer little, if any prejudice by this late filing.

WHEREFOR, the government requests that this motion be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498610


By:                    /S/
Debra L. Long-Doyle
D.C. Bar Number 362518
Louis Ramos
D.C. Bar Number 472176
Assistant U.S. Attorneys
United States Attorney's Office
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-1666
Debra.Long-Doyle@usdoj.gov
Louis.Ramos@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 07-234 (PLF** |
| | : | |
| **v.** | : | **VIOLATION:18 U.S.C. § 2113(A) (Bank** |
| | : | **Robbery)** |
| **NATHAN SMITH,** | : | |
| **also known as Nathaniel Ames** | : | |
| **also known as Mark Rhodes** | : | |
| **also known as Nathaniel Pembroke** | : | |
| **also known as Nathaniel Brenson** | : | |
| | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

Upon consideration of Government's Motion for Leave of Court to Late File the Government's Notice of Filing its' Joint Pretrial Statement and its Pretrial Statement, Time Having Expired and for Additional time to File its Amended Motion Pursuant to Federal Rule of Evidence 609, Time Having Expired, It is Hereby ORDERED,

That the government can late file its attached Joint Pretrial Statement and Notice Thereof, and it is further ORDERED

That the Government shall file its supplemental Notice Pursuant to FRE 609 on December 20, 2007.

SO ORDERED

_____
PAUL L FRIEDMAN
United States District Court Judge for the District of
Columbia

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. :    07-234 (PLF)** |
| | : | |
| **v.** | : | |
| | : | **VIOLATION: 18 U.S.C. § 2113(a) (Bank** |
| **NATHAN SMITH,** | : | **Robbery)** |
| **also known as Nathaniel Ames** | : | |
| **also known as Mark Rhodes** | : | |
| **also known as Nathaniel Pembroke** | : | |
| **also known as Nathaniel Brenson** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S NOTICEOF FILING JOINT PRETRIAL STATEMENT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully gives Notice of Filing the Joint Pretrial Statement as indicated below.

The government initially prepared the Jury Instructions and submitted them to the defense attorney.  The defense attorney then made suggested changes and submitted them to the government. Counsel for both sides were able to agree on most of the suggestions.  However, the government has indicated where there is disagreement and the reasons therefor, in the attached Pretrial Statement and as indicated by underlined and bolded bracketed portions.

Wherefor, the government submits the attached document.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498610


By:_____/S/_____
Debra L. Long-Doyle
D.C. Bar Number 362518
Louis Ramos
D.C. Bar Number 472176
Assistant U.S. Attorneys
United States Attorney's Office
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-1666
Debra.Long-Doyle@usdoj.gov
Louis.Ramos@usdoj.gov

## JOINT STATEMENT OF THE CASE

The government alleges that on August 21, 2007, a PNC branch bank, located at 1348 Fourth Street, N.E., Washington, D.C., was robbed. The government contends that the person who robbed the bank was able to successfully flee from the bank with approximately $7,477.00. The defendant, Nathan Smith is now on trial for the commission of the August 21st bank robbery. The government alleges that the defendant, Nathan Smith, committed the bank robbery. Mr. Smith maintains that he is innocent and that he did not commit the robbery.

1

## PROPOSED VOIR DIRE QUESTIONS

1.  Based on the Statement of the Case, does any member of the jury panel believe that he or she knows anything about this case?

2.  Is there anything about the nature of the charge of Bank Robbery that might affect your ability to render a fair and impartial verdict if you are chosen as a juror?

3.  Mr. Smith is thirty-five years old and was homeless in August 2007.  Do any of you, your relatives or friends, know, or know of Mr. Smith.

4.  Mr. Smith is represented by Assistant Federal Public Defender Mary Petras.  The United States is represented by Assistant United States Attorneys Debra L. Long-Doyle and Louis Ramos. Does any member of the panel know or know of Ms. Petras, Ms. Jahn or Mr. Ramos?

5.  During the presentation of evidence by the United States, you may hear testimony from or about the following persons: [List to be provided at trial].  Does any member of the panel know any of these prospective witnesses.

6.  Mr. Smith has no obligation to present any evidence or witnesses.  However, if he  and his chooses to call a witness or witnesses, you may hear testimony from or about the following persons.  [List to be provided at trial].  Does any member of the panel know any of the prospective witnesses in the case?

7.  My courtroom clerk is _____.  Our court reporter is _____. [ **My law clerk(s)  is/are _____.] [The government proposes that this language be added to this defense-suggested instruction if either one or both of the law clerks will be present at some point during the trial.]**  Does any member of the panel know me or any member of my staff?

2

8. Please take a moment to look around the room at your fellow panel members. Do any of you know any other member of the jury panel?

9. Some of the government witnesses are law enforcement officers. Have any of you, any members of your family, or any close friends, had an experience with any law enforcement, or police officer, or with any person associated with or employed by the United States Attorney's Office or the Court, which would make it difficult for you to be a fair or impartial juror in this case?

10. Do any of you believe that police officers or government agents are more or less believable than other witnesses simply because they are police officers or government agents?

11. One of the fundamental principles of our legal system is that when a person is brought to court and charged with a crime, that person is presumed innocent unless and until the government presents evidence that convinces you of guilt beyond a reasonable doubt. Do any of you have any hesitation in following that requirement of the law?

12. **[Even though Mr. Smith has been charged in this case, he is presumed innocent unless the government proves guilt beyond a reasonable doubt]. [The government objects to this highlighted language as being redundant (see ¶ 11).]** Does the fact that he has been charged make it difficult for any of you to presume now that he is innocent?

13. There has been an indictment in this case. An indictment is merely a formal way of presenting charges. It is a way to inform Mr. Smith, the Court and the members of the jury what he is charged with. Is there anyone here who would presume Mr. Smith is guilty merely because an indictment formally charged him with a crime?

**[14.  The government has the burden of proving Mr. Smith guilty.  This burden of proof never shifts to the defendant.  Do you have any hesitancy in following this requirement?  [The government objects to this highlighted language as being redundant (see ¶ 11).]**

_____ 15. [**It is neither Mr. Smith's nor his attorney's responsibility to prove Mr. Smith innocent?] [The government objects to this highlighted defense-proposed sentence as being redundant (see following language and ¶ 11].**  Because Mr. Smith is presumed innocent, he need not testify, nor offer any evidence.  Would you view his and his attorneys' decision not to put on a defense as evidence of guilt?] [The government objects to this defense language as being redundant]

16.  Has any member of the jury panel, or any of your immediate family members or close friends, studied law or had any legal training?

      a.      If the answer is yes, what was the nature of the  studies or training?

      b.      Would this study or training affect your ability to follow the Court's instructions as to the law that should be applied in this case?

17.  Have any of you ever worked for **[or even sought employment with]** either a Federal or local court system **[or for a federal or local public defenders office or an office of a criminal defense attorney.] [The government proposes that this highlighted language be added to this instruction.]** in any capacity?

18.  Have you or any of your relatives or any close friends ever worked, in any capacity, with or for a defense attorney or an investigator working for a defense attorney?

      a.      If the answer if yes, what was the nature of the employment?

      b.      Would this employment affect your ability to be a fair and impartial juror in this case?

19.   Have you (or your close friends or relatives) ever worked in any capacity for, or even sought employment with, a law enforcement agency?  This includes, but is not limited to, the Metropolitan Police Department (MPD), the Federal Bureau of Investigations (FBI), the Drug Enforcement Administration (DEA), Bureau of Alcohol, Tobacco and Firearms (ATF), United States Park Police, Military police, the United States Secret Service and the United States Marshal Service and any other federal, state or local law enforcement agency.

20.   Have you (or your close friends or relatives) ever worked, in any capacity, for, or even sought employment with, a prosecutor's office.  This includes, but is not limited to, a state District Attorney's Office, the United States Attorney's Office, Department of Justice and Office of the District of Columbia Attorney General's Office.

21.  Have any of you formed particular opinions concerning defense attorneys, prosecutors or accused persons that would affect you in deciding this case?

22.  Do you now, or have you previously, held a leadership position in any professional or volunteer group, including any charitable, religious, recreational or other organized group?

23.  Has any member of the jury panel ever served as a juror in the trial of a criminal case? Is there anything about your prior experience as a juror which would affect your ability to be a fair and impartial juror in this case?

24.  Has any member of the jury panel ever served as a grand juror?  Is there anything about your prior experience as a grand juror which would affect your ability to be a fair and impartial juror in this case?

25.  Have you ever served as a jury foreperson?

5

26.    Do any of you feel that it would be difficult to stick with your position because you were in the minority or the only juror with such a position?

27.    Have any of you (or your close friends or relatives) ever been a witness to, victim of, arrested for, charged with, or accused of, any crime?

28.    Have any of you ever belonged to, or participated in, a crime prevention group. Examples of such groups are Neighborhood Watch and the Orange Hats.

29.    Are there any among you who has a hearing problem such that it would make it difficult for you to hear tape recordings, or an eyesight problem which would make it difficult to view projections of photographs, all of which may be presented as part of the evidence in this case?

30.    Do any of you have an illness, or other medical condition which would make it difficult for you to sit as a juror?

31.    Do any of you need to take any medication which might cause drowsiness or otherwise make it difficult for you to remain alert and attentive during these proceedings?

32.    The trial may last one week or longer.  Is there any member of the jury panel who has an urgent or extremely important matter to attend to such that he or she would be faced with a hardship if selected for the jury in this case?

33.    Is there any member of the jury panel who has any moral, religious or philosophical convictions which would make it difficult for you to pass judgment on another person or to render a judgment in this case based solely upon the evidence presented during the trial?  (Answers to be taken at the bench)

34.   Do any of you know of any reason whatsoever, even if not covered by the Court's questions, why you could not or should not sit as a juror in this case or why you could not render a fair and impartial verdict based upon the evidence and the law as you shall hear it?

35.     Do you have any questions?

<u>**JURY INSTRUCTIONS**</u>[1]

The parties jointly (except as indicated) request the following instructions.

<u>**PRELIMINARY INSTRUCTIONS.**</u>

1.03     Preliminary Instruction Before Trial

1.05     Cautionary Instruction Prior to First Recess

1.21     Preliminary Instruction to Jury Where Identify of Alternates is not Disclosed

1.22     A Juror's Recognition of a Witness or Other Party Connected to the Case

<u>**FINAL INDTRUCTIONS**</u>

1.07     Question Not Evidence

2.01     Function of the Court

2.02     Function of the Jury

2.03     Jury's Recollection Controls

2.04     Evidence in the Case

2.05     Statements of Counsel

2.06     Indictment Not Evidence

2.07     Inadmissible and Stricken Evidence

2.08     Burden of Proof - Presumption of Innocence

2.27     Right of Defendant Not to Testify [IF APPLICABLE, MODIFIED]

Every defendant in a criminal case has an absolute right not to testify and not to present

witnesses.  Mr. Smith, through his counsel, has chosen to exercise his right to remain silent

---

[1]The numbered instructions listed below are taken from the "Redbook" instructions printed in
<u>Criminal Jury Instructions for the District of Columbia</u> (4th ed. 1993).

8

and his right not to present witnesses.  You must not hold these decisions against him, and

it would be improper for you to speculate as to the reason or reasons for his and his counsel's

decisions, and I, therefore, instruct you not to do so.  Most importantly, you must not draw

any inference of guilt from their decisions not to have Mr. Smith testify and not to call

witnesses, because he is presumed innocent and remains innocent unless and until the

government proves guilt beyond a reasonable doubt.

2.09    Reasonable Doubt **[See Government's Proposed alternate version of 2.09, below on pp. 22 and 23.]**

Mr. Smith objects to giving any reasonable doubt instruction other than the "Redbook"

instruction in the Criminal Jury Instructions for the District of Columbia (4th ed. 1993).  The

D.C. Circuit did not *approve of* the instruction proposed by the government here, but rather

found that it was not error to give that instruction in United States v. Taylor, 997 F.2d 1551,

1558 (D.C. Cir. 1993).  In other cases, the D.C. Circuit has endorsed and "commended as

'exemplary'" instructions based on the Redbook instruction.  Taylor, 997 F.2d at 1556

(quoting Moore v. United States, 345 F.2d 97 (D.C. Cir. 1965)).

2.10    Direct and Circumstantial Evidence

1.08    Expert Testimony [IF APPLICABLE]

2.11    Credibility of Witness

2.13    Number of Witnesses

2.14    Nature of Charges Not to Be Considered

1.10    Evaluation of Prior Inconsistent Statement of Witness [IF APPLICABLE]

5.06    Identification

5.01    Defense Theory Instruction [TO BE SUBMITTED AFTER GOVERNMENT'S CASE IN

CHIEF]

2.71    Selection of Foreperson

2.72    Unanimity

2.73    Exhibits During Deliberation

2.75    Communications Between Court and Jury During Jury's Deliberations

2.09    Reasonable Doubt

2.10    Direct and Circumstantial Evidence

2.11    Credibility of Witnesses

2.13    Number of Witnesses

2.14    Nature of Charges Not to Be Considered

2.26    Police Officer's Testimony **[MODIFIED BY BOTH PARTIES – SEE BELOW]**

2.27    Right of Defendant not to Testify (if applicable and if desired by Mr. Smith)

**II.      CLOSING INSTRUCTIONS.**

2.71    Selection of Foreperson

2.72    Unanimity

2.73    Exhibits During Deliberations

(depending upon Court's practice)

2.75    Communications Between Court and Jury During Jury's Deliberations

Note:   The parties reserve their right to propose additional instructions based upon the evidence at

trial and to revise these instructions if necessary.  Additionally, Mr. Smith reserves his right

to submit a theory-of-defense instruction (see Redbook instruction No. 5.01)

5.06     Identification

5.01     Defense Theory Instruction [TO BE SUBMITTED AFTER GOVERNMENT'S CASE-IN-

         CHIEF]

**Form Instruction 1.07**

**QUESTION NOT EVIDENCE**

Sometimes a lawyer's question suggests that something is a fact. Whether or not something

is a fact depends on the witness' answer -- not the lawyer's question. A lawyer's question is not

evidence.

**Form Instruction 1.22**

**A JUROR'S RECOGNITION OF A WITNESS OR OTHER PARTY CONNECTED TO THE CASE**

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this case in any way, you should tell the court immediately. You should not tell any other member of the jury about your discovery. If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.

**Form Instruction 2.01**

**FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on

questions of law; and to instruct you on the law which applies in this case.

It is your duty to accept the law as I state it to you. You should consider all the instructions

as a whole. You may not ignore any instruction, or question the wisdom of any rule of law.

**Form Instruction 2.02**

**FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. You alone decide what weight to give to the evidence presented during the trial. You decide the value of the evidence and the believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any opinion as to the facts, you should ignore it. It is your sole and exclusive duty to decide the verdict in this case.

**Form Instruction 2.03**

**JURY'S RECOLLECTION CONTROLS**

If any reference by the court or the attorneys to evidence does not coincide with your own

recollection of the evidence, it is your recollection which should control during your deliberations.

**Form Instruction 2.04**

**EVIDENCE IN THE CASE -- JUDICIAL NOTICE, STIPULATIONS, DEPOSITIONS**

During your deliberations, you may consider only the evidence properly admitted in this trial.

The evidence in this case was the sworn testimony of the witnesses, [the exhibits which were admitted into evidence], [the facts of which I took judicial notice], [the facts and testimony stipulated to by the parties], and [depositions].

[The court may take judicial notice of public acts, places, facts and events which the court regards as matters of common knowledge. In this case, I took judicial notice of [ ^ ] . [You may, if you choose to do so, regard that fact as proven evidence, but you are not required to do so because you are the sole judges of the facts.]]

[During the trial, you were told that the parties had stipulated -- that is, agreed to -- certain facts. Any stipulation of fact is undisputed evidence, and you may consider it undisputed evidence.]

[During the trial, you were told that the parties had stipulated -- that is, agreed to -- what testimony a particular witness would have given if s/he had testified in this case. You may consider this stipulated testimony as exactly what this witness would have said had s/he testified.]

[A deposition is testimony given by a witness before trial. The witness is placed under oath to tell the truth, and lawyers for each party may ask questions. The questions and answers are recorded by a court reporter. You may consider deposition testimony in the same way you would consider testimony actually given in court.]

When you consider the evidence, you are permitted to draw, from the facts which you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

17

**Form Instruction 2.05**

**STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence. They are only intended to

assist you in understanding the evidence.

**Form Instruction 2.06**

**INDICTMENT NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime to bring him/her to

trial. You must not consider the indictment as evidence of any kind -- you may not consider it as any

evidence of the defendant's guilt or draw any inference of guilt from it.

**Form Instruction 2.07**

**INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an

argument, or offered evidence which the objecting lawyer believed was not proper. You must not

be prejudiced against the lawyer who made the objections. It is the lawyers' responsibility to object

to evidence which they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should

disregard the question and you must not speculate as to what the answer would have been.

If, after a witness answered a lawyer's question, I ruled that the answer should be stricken,

you should disregard both the question and the answer in your deliberations.

Likewise, exhibits, as to which I have sustained an objection, or which I ordered stricken, are

not evidence and you must not consider them in your deliberations.

**Form Instruction 2.08**

**BURDEN OF PROOF -- PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until s/he is proven guilty beyond a reasonable doubt.

The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his/her innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him/her guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

2.09          Reasonable Doubt **

**[* Government's Proposed Special Instruction on Reasonable Doubt**

**The government requests that in place of Instruction 2.09 from the *Criminal Jury* Instructions for the District of Columbia, this Court give Instruction 21, Definition of Reasonable Doubt, from *Pattern Criminal Jury Instructions*, which was approved by this circuit in United States v. Taylor, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993). The instruction is as follows:**

**As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.**

**Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. The government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a scientific certainty. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.**

**(The government notes that this instruction has been used recently by Judges Roberts and Robertson of this bench.)] [As noted above, the defense objects to any modified version of the Reasonable Doubt Instruction, as noted, above]**

**Form Instruction 2.10**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may find the facts of a case -- direct

evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual

knowledge of a fact, that witness' testimony is direct evidence. A chain of facts and circumstances

indicating the guilt or innocence of a defendant is circumstantial evidence

The law makes no distinction between the weight you should give to either kind of evidence,

nor does circumstantial evidence require a greater degree of certainty than direct evidence.  In

reaching a verdict in this case, you should weigh all of the evidence presented, both direct and

circumstantial.

**Form Instruction 2.11**

**CREDIBILITY OF WITNESSES**

In determining whether the government has established the charges against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness' manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

[Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.]

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate.  You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Form Instruction 2.13**

**NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side, or you may find to the contrary.

**Form Instruction 2.14**

**NATURE OF CHARGES NOT TO BE CONSIDERED**

[One of the questions you were asked when we were selecting this jury was whether the

nature of the charge would affect your ability to render a fair and impartial verdict. There was a

reason for that question.] You must not allow the nature of the charge itself to affect your verdict.

You must consider only the evidence that has been presented in this case in rendering a fair and

impartial verdict.

**Form Instruction 2.26**

**POLICE OFFICER'S TESTIMONY**

The testimony of law enforcement officers, such as FBI Agents, **The government proposes the following addition to this defense-proposed instruction: [and police officers]** should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a police officer.

**Form Instruction 2.71**

**SELECTION OF FOREPERSON**

When you return to the jury room, you should select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission -- to reach a fair and just verdict based on the evidence. Consider whether you wish to select a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Form Instruction 2.72**

**UNANIMITY**

The verdicts must represent the considered judgment of each juror.  In order to return verdicts, each juror must agree to the verdicts.  Your verdicts must be unanimous.

**Form Instruction 2.73**

**EXHIBITS DURING DELIBERATIONS**

I am sending into the jury room with you the exhibits that have been received in evidence. You may examine any or all of them as you consider your verdict.

[If you wish to [see] [hear] those portions of [describe tapes] which I have admitted into evidence, please notify the clerk by a written note and we will assemble in the courtroom with the appropriate equipment.]

[I am not sending the exhibits that have been received in evidence with you as you start your deliberations. However, you are entitled to see any or all of these exhibits as you deliberate. I suggest that you begin your deliberations and then, if it would be helpful to you, you may ask for any or all of the exhibits that have been received in evidence simply by sending me a note from your foreperson through one of the marshals.]

**Note**: The government will submit an exhibit list and copies of trial exhibits, to the extent possible, under separate cover, prior to the motions hearing on August 3, 2005.

**Form Instruction 2.75**

**COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S**

**DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a

note by the clerk or marshal, signed by your foreperson or by one or more members of the jury.  No

member of the jury should try to communicate with me by any means other than a signed note and

I will never communicate with any member of the jury on any matter touching the merits of this case,

except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person -- not

the clerk, the marshal or me -- how jurors are voting until you have reached a unanimous verdict.

This means that you should never tell me, in writing or in open court, how the jury is divided on any

matter.  This means, for example, that you should never tell me that the jury is divided 6 to 6, for

example, or 7 to 5, or 11 to 1, whether the vote is for conviction or acquittal or any other issue in the

case.