**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. :    07-234 (PLF)** |
| | : | |
| **v.** | : | |
| | : | **VIOLATION: 18 U.S.C. § 2113(a) (Bank** |
| **NATHAN SMITH,** | : | **Robbery)** |
| **also known as Nathaniel Ames** | : | |
| **also known as Mark Rhodes** | : | |
| **also known as Nathaniel Pembroke** | : | |
| **also known as Nathaniel Brenson** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S**
**NOTICE OF INTENTION AND MOTION TO ADMIT EVIDENCE OF DEFENDANT'S**
**PRIOR CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE  609 AND**
**SUPPLEMENTAL NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

The United States, by and through its attorney, the United States Attorney for the District of

Columbia, respectfully replies to defendant's Opposition to Government's Notice of Intention and

Motion to Admit Evidence of Defendant's  Prior Convictions Pursuant to Federal Rule of Evidence

609 and supplements its prior Notice Pursuant to Federal Rule of Evidence 609.

1.   Defendant is charged with bank robbery in violation of 18 U.S.C. § 2113(a).   The

government hereby gives notice of the following convictions which the government intends to use

to impeach the defendant should he choose to testify at trial:

a.     the felony offense of Burglary and the Possession of Burglary Tools in

Hollywood, Florida in Case No. 922001910CF10A in 1992.   The defendant was granted early release

from the custody of the Florida Department of Correction on July 21, 1992, and ordered supervised

by the Palm Beach County Probation Office for a period of two years.   According to the Palm Beach

Probation Office, the defendant absconded after his release from custody. A warrant was issued for him on September 24, 1992. On January 26, 2005, the Commission found him in violation of his conditional release, following his arrest on an unrelated charge. He was released to the State of New Jersey on January 1, 2006.[1]

      b.    the felony offense of Aggravated Assault in Atlantic City Municipal Court, New Jersey Case # S20010075310102. According to U.S. Probation Officer Kelli Griffin Cave, on April 5, 2007, the defendant appeared in the Atlantic City Municipal Court, was found guilty of this offense and was sentenced to time served.[2]

      c.    the felony offense of Receiving Stolen Property of a Value Greater than Three Hundred Dollars in case number 16526 in the Circuit Court for Worcester County in the State of Maryland. On October 4, 1994, a jury convicted the defendant of the theft charge. According to records, the defendant burglarized the residence of Alvin M. Walker, located in Ocean City, Maryland, and stole numerous personal effects from Mr. Walker, including a 1994 Mercedes automobile. On November 7, 1994, the defendant was sentenced to 8 years in prison. He was released on supervised release on January 22, 1999 but was returned to prison on December 10, 2000 when he violated his conditions of release. He was released again on March 20, 2001, but his release was again revoked on November 7, 2001. He was again released on April 23, 2003, but

---

[1] This information was provided by the United States Probation Officer Kelli Griffin Cave and was not previously known by government counsel. While we have requested certified copies of the defendant's certified Florida convictions several months ago, they have not yet been received.

[2] The government has ordered, but has not yet received a certified copy of this conviction.

his released was again revoked.  His sentence was finally completed on January 13, 2005, when the defendant was extradited to Florida for a parole violation there.[3]

Having received guidance from the United States Probation Office's calculation of defendant's criminal history, as well as certified convictions for several of defendant's other convictions, the government will only seek to use the aforementioned convictions to impeach the defendant, should he testified.  As noted above, all of these convictions meet the temporal restrictions of Fed. R. Evid. 609(b).  Because the other convictions noted in the government's initial Rule 609 Notice do not fall within the temporal restrictions of Fed.R. Evid. 609(b), or, with respect to the 2007 Attempted Bodily Injury charge in 2007 in Atlantic City, New Jersey for which the defendant has not yet been sentenced, the government will not seek to use them should the defendant testify at trial.[4]

In seeking to use the above-mentioned convictions, the government relies upon the same reasoning and case law as in its initial Rule 609 Notice.  All facts of the convictions known have been presented to the Court above.

---

[3]  The government has a certified copy of this conviction and will submit it to the Court and defense counsel

[4]  The government reserves its right to seek to use other convictions once the certified convictions have been received.  Specifically, the government has not yet received any of the convictions from the state of Florida.  However, should the government learn that defendant's 1992 conviction for Burglary, Damage to Property and Criminal Mischief in Case No. 9102659 in St. Lucie, Florida for which the defendant received 30 months confinement, can be brought within the temporal restrictions of Fed.R. Evid. 609(b) as a result of probation revocation and resentencing, then the government will seek to use that conviction as well.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior convictions for impeachment purposes.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498610


By: _____/S/_____
Debra L. Long-Doyle
D.C. Bar Number 362518
Louis Ramos
D.C. Bar Number 472175
Assistant U.S. Attorneys
United States Attorney's Office
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-1666
Debra.Long-Doyle@usdoj.gov
Lous.Ramos@usdoj.gov

4