UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**      :
                                  :
       v.                         :    Cr. No. 07-234 (PLF)
                                  :
**NATHAN SMITH**                  :

DEFENDANT'S PROPOSED JURY INSTRUCTION ON IDENTIFICATION AND
OBJECTION TO GOVERNMENT'S PROPOSED INSTRUCTION REGARDING SHOW-UP

   Mr. Nathan Smith, through undersigned counsel, respectfully submits the following jury instruction to be given regarding identification. The proposed instruction is a modification of Instruction 5.06 of the Criminal Jury Instructions for the District of Columbia ("Redbook"), with language specifically recommended by the United States Court of Appeals for the District of Columbia Circuit in United States v. Telfaire, 469 F.2d 552, 558 (D.C. Cir. 1972).

Identification

   The burden is on the government to prove
   beyond a reasonable doubt, not only that the
   offense was committed as alleged in the
   indictment, but also that the defendant was
   the person who committed it.

   Identification testimony is an
   expression of belief or impression by the

witness. Its value depends on the opportunity the witness had to observe the offender at the time of the offense and to make a reliable identification later.

In appraising the identification testimony of a witness, you should consider the following:

Are you convinced that the witness had the capacity and an adequate opportunity to observe the offender? Whether the witness had an adequate opportunity to observe the offender at the time of the offense will be affected by such matters as how long or short a time was available, how far or close the witness was, how good were lighting conditions, whether the witness had had occasion to see or know the person in the past, the witness' state of mind at the time of the offense, and any other circumstances that you deem relevant affecting the witnesses' opportunity to observe the person committing the offense.

Are you satisfied that the identification made by the witness subsequent

to the offense was the product of his own recollection? You may take into account both the strength of the identification, and the circumstances under which the identification was made. If the identification by the witness may have been influenced by the circumstances under which the defendant was presented to him or her for identification, you should scrutinize the identification with great care. You may also consider the length of time that lapsed between the occurrence of the crime and the identification procedure, as a factor bearing on the reliability of the identification. You may also take into account that an identification made by picking the defendant out of a group of similar individuals is generally more reliable than one which results from the presentation of the defendant alone to the witness.

You make take into account any occasions in which the witness failed to make an identification of the defendant, or made an identification that was inconsistent with his

or her identification at trial.

You must consider the credibility of each identification witness in the same way as any other witness, consider whether he or she is truthful, and consider whether he or she had the capacity and opportunity to make a reliable observation on the matter covered in his testimony.

Finally, you may consider any other direct or circumstantial evidence that may identify the person who committed the offense charged or either support or not support the identification by the witnesses.

You cannot find the defendant guilty, unless you are satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant and that the defendant is the person who committed the charged offense. If the circumstances of the identification of the defendant are not convincing beyond a reasonable doubt, you must find the defendant not guilty.

Mr. Smith objects to the Government's Proposed Jury Instruction Regarding the Showup Identification of the Defendant.

4

The proposed instruction improperly places the Court's imprimatur on the procedure and the resulting identifications.  The government argues that the instruction is necessary because the defense called into question the propriety of the showup identification.  However, the defense did not question the legality of the procedure, only the reliability of the identifications that resulted from the procedure.  Cf. United States v. Sanders, 196 F.3d 910 (8th Cir. 1999) (defendant questioned legality of police actions).

If the Court gives such an instruction, the instruction should be followed by an instruction that:  "However, when determining the reliability of the witnesses' testimony, you should consider the nature and circumstances of this type of procedure and the government's failure to use any other out-of-court identification procedure (such as a line-up)."

                                        Respectfully submitted,
                                        A.J. KRAMER
                                        FEDERAL PUBLIC DEFENDER

                                                  /s/
                                        _____
                                        Rita Bosworth

                                                  /s/
                                        _____
                                        Mary Manning Petras
                                        Assistant Federal Public Defender
                                        625 Indiana Avenue, N.W.
                                        Suite 550
                                        Washington, D.C.  20004
                                        (202) 208-7500